All right. We have the matter of the estate of Hicks, 5080501. The appellant has waived oral argument. Mr. Lefevre is here for the appellee. So, Mr. Lefevre, at your convenience. Thank you, Your Honor. I represent Heather Dillinger, who was the administrator of the will next to the estate of J. Ellis Hicks, deceased. She was ultimately discharged of that duty after winding up the estate. J. Ellis Hicks died on November 7, 2000. He left a will, which left his property to his wife if she was living, and to his two children if she was not. His wife had died, so the two beneficiaries of the will were Heather Dillinger and Hal Hicks. Over three years after the death, Hal Hicks petitioned for admission of the will to probate. Pursuant to the terms of the will, he was nominated as the executor, and he was appointed as the executor. That was in March of 2004. In February of 2006, Hal Hicks was removed as the executor. He was removed for two reasons. One is because he wasn't qualified to act in the first instance because he had been convicted of a felony, and two, he had failed to administer the estate. On that same day, Heather Dillinger plausibly filed a citation to discover assets of the estate and to recover property to the estate. In April of 2006, Ms. Dillinger was appointed the administrator with the will annexed. Ms. Dillinger proceeded then to file an inventory approximately a month later and proceeded to administer the estate. Of the assets that were disclosed in Ms. Dillinger's initial inventory included some real estate and included a note that she wasn't clear as to the other assets because the former executor hadn't given her any documents, that she was aware of a Hilliard Lyons account and felt there may be some other assets. In the meanwhile, Mr. Hicks was ordered to file a current accounting and an inventory, and after failing to do that, ultimately he was found in contempt. He did file a punitive inventory and an accounting which the court struck. He later filed another inventory and final account which was objected to by Heather Dillinger, the administrator with the will annexed. So basically the matter proceeded on a citation to discover asset and the objections to the inadequate filings of Mr. Hicks as the removed executor. During that proceeding, the Hilliard Lyons account was subpoenaed. The documents from that account are in the record stacked about this thick. My recollection is about 400 pages of documents. They provided monthly statements. In spite of that, in the testimony that Mr. Hicks gave in the citation, he said they didn't give him any records. He didn't have any records of the account. It became apparent that his right-hand woman, Pam Mason, kept some records of the estate. There was a driver's license facility that received rents, that she received the rents and would deposit them in an account. We subpoenaed her. She was ill and the subpoena got continued, and by the time we came back, Mr. Hicks had removed the records and she was not able to produce them. The case went to a summary judgment. The court, understandably, based on the way that Mr. Hicks had taken assets of the estate, entered a judgment against him in favor of the administrator of the will annexed in almost a million dollars, $968,789. The judgment and the post-trial motion both contained the language, there's no just reason to delay enforcement or appeal of these orders. Mr. Hicks attempted to appeal the denial of the granting of the summary judgment and the denial of the post-trial motion. He did not do that in a timely manner. The mail was filed before this court. Heather Dillinger filed a motion to dismiss from one of the jurisdictions that was granted. Do you think he was required to perfect his appeal from the summary judgment motion? Yes. The interlocutor appeal was required for him to raise it, but he can't raise it now? Correct. He couldn't raise it in the context of the approval of the final account or distribution? This court's already ruled on that issue, because we filed a motion to dismiss from one jurisdiction, and this court ruled that the summary judgment motion, motion reconsidered, could not be part of the appeal. But then you granted my motion in part and denied it in part. The part that denied it is exactly what you're asking about. The final order, the order requesting the approval of the accounting and the disposition of the assets, and the order discharging Ms. Dillinger as the administrator. Are they two sides of the same coin, kind of like? Well, I think once you take the summary judgment out, you're almost left with an administrative function of approving the final account, ordering distribution, and discharging the administrator upon proof of the distribution. But I think the history is kind of important, because when you get into the fact when he filed this appeal, he actually didn't even tell this court his document statement about the prior appeal. He tried to appeal a nonexistent order of October 20th, and then he tried to again appeal the summary judgment motion, which this court is already ruling. So that leaves us with the order granting the final report and account and ordering distribution. There was no objection to that. This record contains no showing of an objection to that final report and account. And if you look at it, it's actually attached to the appellant's brief. That order is an exhibit. Very detailed. Tells exactly what Ms. Dillinger did, how she liquidated the real estate assets. We went in and got approval of the sales. The one asset that wasn't liquidated was the driver's license facility that was subject to a lease in the state of Illinois. We had that appraised, and it was distributed to Ms. Dillinger individually. The brief that was filed with Mr. Hicks contains not one single reference to the record. Statement of facts takes up one page, not one reference to the record. Argument takes up several pages, not one reference to the record. He claims at times that this thing came about in a hurry, within six weeks. That's not the way it happened. The citation to discover assets was a year and four months prior to the entry of the summary judgment. So basically, we're here asking the court to affirm the trial report. Basically, the two orders are the request of Ms. Dillinger to approve her final report and account, an order of distribution, and her request of the court to be discharged upon filing of the proof of the distribution. In his brief, there's maybe a paragraph that even discusses those two orders, and the paragraph complains about the summary judgment order that's no longer before the court. So the main reason after he weighed the argument, he wanted to make sure there were no questions, there was no misunderstanding on the status of this matter, and asked the court to affirm the trial report. Thank you, counsel. The court will take the matter under advisement.